UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON PERRONE,

                        **Plaintiff,**

   -against-

COMMERCIAL ELECTRICAL CONTRACTORS,
et al. and PEDRO CASTRO,

                        **Defendants.**
------------------------------------------------------------X

07 Civ. 6496 (GBD)

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL DOCUMENTS**

**WHEREAS**, in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the discovery process:

**NOW THEREFORE, IT IS HEREBY AGREED** as follows:

"Confidential Material" shall include the documents or other material identified as such in accordance with paragraphs 3-5 of this Confidentiality Agreement and Protective Order for the Protection and Exchange of Confidential Documents ("Confidentiality Agreement and Protective Order"). "Confidential Material" shall be accorded the protections referred to in paragraphs 6-12 of this Confidentiality Agreement and Protective Order.

    1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order, any document or material which is either: (i) produced during discovery proceedings in this action; (ii) included in an order of this Court; or (iii) generated by a party in this action, including but not limited to, answers to

1

interrogatories and responses to any request for the production of documents and which constitutes privileged, personal or personnel information or any extracts or summaries thereof.

2.  Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3.  Documents and other discovery materials may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of or prior to, production that the document or material is to be treated as Confidential Material; (iii) by agreement in writing between the producing and receiving parties at any time; (iv) by enclosing the document or material in an envelope marked as "Confidential Material"; (v) with respect to deposition testimony, in accordance with the procedures set forth in paragraph 4 below; or (vi) with respect to motion papers, in accordance with the procedures set forth in paragraph 5 below. Such designation may occur at any time up to and including the fifteenth day after the date on which the documents or other discovery materials were produced. In the interim, all documents and other discovery materials shall be treated a Confidential Material subject to this Confidentiality Agreement and Protective Order until the end of the fifteenth day after the date on which they are produced. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing within ten days of receipt of the designation. The documents or discovery materials in dispute shall automatically be deemed Confidential Material subject to the terms of this Confidentiality Agreement and Protective Order for three weeks from the date of notification. If the parties are unable to resolve their dispute, then the designating party may, within three weeks, move

the Court for an order approving the confidential designation and the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4.   Any person giving deposition testimony in this action, or his or her attorney may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential Material, as Confidential Material by advising the court reporter and all parties of such fact on the record during the deposition, or in writing at any time up to and including the fifteenth day after the date of receipt of the deposition transcript. Deposition testimony shall automatically be deemed to be Confidential Material subject to the terms of this Confidentiality Agreement and Protective Order until the end of the fifteenth day after the date of receipt of the deposition transcript. In addition, any party may designate as Confidential Material, in accordance with the provisions of paragraphs 3 or 4 hereof, all or any part of any deposition taken in this action. All copies of deposition transcripts designated as or containing Confidential Material shall be prominently marked "Confidential Material" on the cover thereof. The deposition testimony in dispute shall automatically be deemed Confidential Material subject to the terms of this Confidentiality Agreement and Protective Order for three weeks from the date of notification. If the parties are unable to resolve their dispute, then the designating party may, within three weeks, move the Court for an order approving the confidential designation and the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

5.   Motion papers or other filings that disclose Confidential Material shall automatically be deemed confidential subject to the terms of the Confidentiality Agreement and Protective Order and may be filed under seal where Confidential Material is unavoidably

used in the body of the motion. If the Confidential Material is contained in exhibits, then the exhibits shall be filed under seal. If the receiving party disputes a confidential designation of motion papers or exhibits, then the receiving party must notify the designating party of that dispute within ten days of receipt of the designation. If the parties are unable to resolve their dispute within three weeks of the receiving party's designation, then the receiving party may, within those three weeks, move the Court for an order approving the confidential designation. In the interim, the designated material shall be deemed Confidential Material until the issue is resolved by the Court.

6. All Confidential Material shall be used only for the purposes of this action and shall not be used for any other purpose except upon consent of the designating party or order of this Court.

7. Confidential Material shall be held in confidence and shall not be discussed or disclosed in any manner, in any form, to any person or entity other than:

    (a)    This Court and its staff;

    (b)    Counsel for any party retained in or working on the prosecution, defense, or settlement of this action, including co-counsel and counsel employed directly by any party;

    (c)    Employees of Counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

    (d)    The individual parties to the extent deemed necessary by counsel for prosecution, defense, or settlement of this action; and

    (e)    Witnesses and Consultants, including but not limited to experts, but only to the extent reasonably deemed necessary by counsel for the prosecution.

defense, or settlement of this action and only if the witnesses and consultants sign the Confidentiality Agreement and Protective Order.

8.  Any disputes between counsels regarding the scope of the Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agrees to meet promptly to review and resolve informally issues centering on Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance, it being understood that it is the designating party's burden to sustain its position that Confidential Material should not be shown or disclosed. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

9.  Prior to the disclosure of any Confidential Material to any individual entitled to review such information pursuant to the provisions of the preceding paragraph 7(e), such individual shall be provided with a copy of this Confidentiality Agreement and Protective Order and be instructed to read it. After such person has read the Confidentiality Agreement and Protective Order, he or she shall be required to sign a copy of the attached Confidentiality Agreement and Protective Order acknowledging that he or she shall abide by the terms of this Confidentiality Agreement and Protective Order. The parties agree to obtain and retain a signed copy of the attached Confidentiality Agreement and Protective Order from nonparty deponents to whom Confidential Material is disclosed.

10.  All Confidential Material filed with this Court shall be filed under seal and kept under seal until further order of the Court. Where possible, only the portions of filings (including affidavits and memoranda of law) containing Confidential Material shall be filed under seal.

11. The inadvertent or unintentional disclosure by any party at any time of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

12. Nothing contained in this Confidentiality Agreement and Protective Order shall affect or restrict the rights of any party with respect to its own documents.

13. A producing party may notify the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such notice from the producing party, the party receiving such documents shall provide the producing party with a list of all persons who have seen, had access to, or learned the contents of, such documents, except for the persons designated in paragraphs 7(b) and 7(c) of this Confidentiality Agreement and Protective Order.

14. In the event that matter or information in the possession of a receiving party is subpoenaed by any Order, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing in a reasonable amount of time of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the

litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

15. Within 30 days of the termination of this action, including all appeals, the parties shall return to counsel for the producing party the Confidential Material produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction.

16. The provisions of this Confidentiality Agreement and Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Confidentiality Agreement and Protective Order or any provision hereof.

17. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Confidentiality Agreement and Protective Order is achieved.

18. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further Protective Order relating to any confidential documents or information; or to object to the production of documents it considers to be confidential; or to apply to this Court for an order compelling production of documents; or the modification of this Confidentiality Agreement and Protective Order.

STIPULATED, AGREED AND CONSENTED TO THIS

12th DAY OF MARCH, 2008
    Alan Serrins, Esq.
    Ann Macadangdang, Esq.
    Attorneys for Plaintiff
    233 Broadway - 18th Floor
    New York, New York 10279

    BY: Ann Macadangdang, Esq. (AM 1198)

26 DAY OF MARCH, 2008
    Parisis G. Filippatos, Esq.
    Filippatos, PLLC
    Attorney for Defendants
    60 East 42nd Street, 46th Floor
    New York, New York 10165

    BY: Parisis G. Filippatos, Esq. (PF 1593)

SO ORDERED:

Dated: APR 0 8 2008   New York

_____, 2008

Hon. George B. Daniels, U.S.D.J.

**HON. GEORGE B. DANIELS**