UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRANDON PERRONE,

                                                         Plaintiff,

-against-

COMMERCIAL ELECTRICAL CONTRACTORS,
and PEDRO CASTRO,

                                       Defendants.
-----------------------------------------------------------------X

07 Civ. 6496 (GBD)

**STIPULATION
TO AMEND ANSWER**

       IT IS HEREBY STIPULATED AND AGREED, by and between the respective parties below, that Defendants may file the attached Amended Answer. Plaintiff stipulates to the filing solely in the interest of judicial economy, makes no representations with respect to the substance of said amendment(s), and reserves the right to challenge the substance of said amendment(s).

Dated: New York, New York
          May 12, 2008

SERRINS & ASSOCIATES, LLC

By: _____
Alan Serrins, Esq.
Ann Macadangdang, Esq.
233 Broadway 18th Floor
New York, New York 10279
*Attorneys for Plaintiff*

FILIPPATOS PLLC

By: _____
Parisis G. Filippatos, Esq.
303 Park Avenue South
Suite 1422
New York, NY 10010
*Attorney for Defendants*

SO ORDERED:

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

FILIPPATOS PLLC
303 Park Avenue South
Suite 1422
New York, New York 10010
(212) 682-2400
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BRANDON PERRONE,

               Plaintiff,

                  07 Civ. 6496 (GBD)

-v-

COMMERCIAL ELECTRICAL
CONTRACTORS, ET AL. and
PEDRO CASTRO

                  AMENDED ANSWER
                  OF DEFENDANTS
             Defendants.      CECNY AND
                  CASTRO AND
                  COUNTERCLAIMS
                  OF CASTRO
------------------------------------------------------------x

      Defendants Commercial Electrical Contractors of New York ("CECNY") and Pedro Castro ("Mr. Castro"), as and for their Answer to the Complaint, dated July 18, 2007, in the above-captioned action, alleges and aver as follows:

      1.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint, except decline to respond to the extent that the statements contained therein constitute legal conclusions for which no response is required, and admit that Plaintiff purports to

proceed as stated therein.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint, except decline to respond to the extent the statements therein constitute legal conclusions for which no response is required, and admit that Plaintiff purports to proceed as stated therein.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint, except decline to respond to the extent the statements therein constitute legal conclusions for which no response is required, and admit that Plaintiff purports to proceed as stated therein.

4. Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate recitation of its contents.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint, except admit that Plaintiff purports to proceed as stated therein and respectfully refer the Court to the document referenced therein for a complete and accurate recitation of its contents.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

8. The allegations set forth in paragraph 8 of the Complaint state legal conclusions for which no response is required.

9. The allegations set forth in paragraph 9 of the Complaint state legal conclusions for which no response is required, except Defendants deny that they engaged in any "unlawful practices."

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, except admit that Plaintiff was employed by CECNY for a period of time.

12. Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. The allegations set forth in paragraph 13 of the Complaint state legal conclusions for which no response is required, except Defendants admit that CECNY employed individuals in at least the numbers and frequencies stated therein.

14. The allegations set forth in paragraph 14 of the Complaint state legal conclusions for which no response is required, except Defendants admit that CECNY employed individuals in at least the numbers and frequencies stated therein.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Mr. Castro is an employee of CECNY.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint, except

admit, upon information and belief, that Plaintiff was, when hired as an electrician by CECNY, a member of IBEW Local Union #3.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint, except admit that on July 24, 2006, after Mr. Castro cited Plaintiff for smoking marijuana at work that same day, Plaintiff then alleged but not to Arthur Loweth (spelled incorrectly as "Lolith" throughout the Complaint) that Mr. Castro had made sexual advances towards him.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint, except deny that Mr. Castro made any false accusations regarding, or had any inappropriate contact with, Plaintiff.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint with respect to Plaintiff's state of mind and Defendants deny the balance of the allegations set forth in paragraph 25 of the Complaint, except admit that at some point during his employment with CECNY, Plaintiff was transferred to a jobsite located at 1275 York Avenue, New York, NY.

26. Defendants admit the allegations set forth in paragraph 26 of the Complaint.

27. Defendants admit the allegations set forth in paragraph 27 of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate recitation of its contents.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Complaint, except deny that Mr. Castro made any "retaliatory accusations" against Plaintiff.

30. Paragraphs 30 through 53 of the Complaint set forth allegations that, in large part, state legal conclusions for which no response is required, except Defendants deny any wrongdoing or culpable conduct alleged therein and specifically with respect to Plaintiff's claims of sexual harassment, hostile work environment, unlawful retaliation, irreparable injury, and/or monetary damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. The Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

32. The parties entered into and, in part, memorialized the terms of their relationship, in a collective bargaining agreement that does not allow Plaintiff the relief he seeks from Defendants in the Complaint.

### Third Affirmative Defense

33. Plaintiff breached his contractual commitments to Defendants, thereby voiding any obligations that Defendants may have had to Plaintiff.

### Fourth Affirmative Defense

34. Plaintiff has failed, in whole or in part, to mitigate any damages he may have suffered.

### Fifth Affirmative Defense

35. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### Sixth Affirmative Defense

36. Assuming, for purposes of pleading, that Defendants breached any duties owed to Plaintiff, no legally cognizable damages were suffered by Plaintiff as a result.

### Seventh Affirmative Defense

37. Any damages alleged by Plaintiff were caused by his culpable or negligent conduct, not by the alleged conduct of either Defendant.

<u>Eighth Affirmative Defense</u>

38.   Plaintiff has not pleaded any of its alleged damages with sufficient specificity or particularity.

<u>Ninth Affirmative Defense</u>

39.   Plaintiff's Complaint fails to state a claim upon which an award of punitive damages may be granted.

<u>Tenth Affirmative Defense</u>

40.   With respect to Plaintiff's claims for monetary relief, Defendants are entitled to a set-off from any liability for sums earned by Plaintiff since his termination.

<u>Eleventh Affirmative Defense</u>

41.   As a matter of law, Plaintiff has no claims against Defendant Castro with respect his First and Second Claims for Relief, which are based on Title VII.

**COUNTERCLAIMS**

42.   From on or about July 11 through on or about July 21, 2007, Plaintiff-Counterclaim-Defendant verbally threatened and assailed Mr. Castro on several occasions by yelling at him that Mr. Castro was a "faggot" and threatening to "see" Mr. Castro "outside".

43.   Plaintiff-Counterclaim-Defendant's tortious conduct against Mr. Castro included an incident on July 21, 2007, that was overheard on the telephone by Mr. Castro's wife and children.

44.   Accordingly, because Plaintiff-Counterclaim-Defendant's cited conduct hereinabove, whether reckless or intentional, was outrageous and beyond the bounds of

civilized society, thereby constituting intentional infliction of emotional distress causing Mr. Castro severe emotional injury, Mr. Castro is entitled to monetary damages in an amount to be determined at trial.

45. Accordingly, because Mr. Castro was in immediate apprehension of unconsented-to touching by Plaintiff-Counterclaim-Defendant based on Plaintiff-Counterclaim-Defendant's intentionally threatening statements of battery towards Mr. Castro, Plaintiff-Counterclaim-Defendant committed assault against Mr. Castro and is liable to him for monetary damages in an amount to be determined at trial.

WHEREFORE, Defendants demand judgment against Plaintiff dismissing the Complaint, granting Defendant Castro's Counterclaims, and affording such other and further relief to Defendants as this Court deems just, proper, and equitable.

Dated: New York, New York
       June 10, 2008

                                                                                         Parisis G. Filippatos (PF 1593)
                                                                                         Filippatos PLLC
                                                                                         *Attorneys for Defendants*

To:   Alan Serrins, Esq.
       Serrins & Associates, LCC
       233 Broadway, 18th Floor
       New York, NY 10279
       *Attorneys for Plaintiff*